

U.S. Department of Justice

United States Attorney
District of Connecticut

FILED
2004 NOV -8 P 3: 44
U.S. DISTRICT COURT
HARTFORD, CT

Connecticut Financial Center     (203) 821-3700
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510     Fax (203) 773-3756

November 8, 2004

Ira B. Grudberg, Esq.
350 Orange Street
P.O. Box 606
New Haven, CT 06503

    Re:    <u>**United States v. Francis R. Barretta**</u>
           No. 3:03CR198 (RNC)

Dear Mr. Grudberg:

    This letter confirms the plea agreement entered into between your client, Francis R. Barretta, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

<u>The Plea and Offense</u>

    The defendant agrees to withdraw his previously entered pleas of not guilty, and to plead guilty to Count Nine of the indictment charging him with possession with intent to distribute heroin, in violation of Title 21, U.S.C. § 841.

    The defendant understands that for him to be found guilty of the charged offense the following essential elements of the offense must be established beyond a reasonable doubt:

    1.    That the defendant knowingly and willingly possessed a controlled substance; and

    2.    That at the time of the possession the defendant intended to distribute the controlled substance.

    The parties acknowledge that in consideration of the

defendant's guilty plea, at the time of sentencing, the Government will dismiss Count Two of the indictment as it pertains to the defendant and in which he was charged with a violation of Title 21 U.S.C. § 846.

The Penalties

The offense charged in the information carries a maximum penalty of twenty years imprisonment and a $1 million fine. Moreover, any sentence of incarceration imposed must also include a term of supervised release of at least three years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $1 million.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Sentencing Guidelines

    1.    Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if

his sentence or the Guideline application is other than as he anticipated.

By this plea agreement, the defendant and the Government agree that the quantity of heroin commensurate with the criminal activity of the defendant which forms the basis of the violation charged in the information and his relevant conduct, U.S.S.G. § 1B1.3, app. note 1, is the Guidelines equivalent of at least 20 grams but less than 40 grams. The parties understand and agree that this agreed attribution is based on information known to the Government from sources other than any debriefing of the defendant. The defendant acknowledges that this agreement is only between the parties to this agreement and, as such, does not bind the Probation Department or the Court.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section §3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation. As of the date hereof, the Government reserves its determination as to whether it will make a recommendation for an adjustment under Section 3E1.1 of the Sentencing Guidelines to reflect acceptance of responsibility for the offense conduct on the part of the defendant.

3. Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to

oppose each other's appeal of the sentence imposed as permitted by the statute.

Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

Waiver of Rights

   1.   Waiver of Right to Challenge Absence of Jury
        Findings re Facts Used to Increase Sentence

The defendant understands that he may be able to argue under Appendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, __ S. Ct. __, 2004 WL 1402697 (U.S.Wash. Jun 24, 2004) (NO. 02-1632) that he had the right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could: 1) apply any mandatory minimum sentence prescribed by statute; 2) impose a sentence within a range permitted by a higher statutory maximum sentence resulting from a finding of such facts; and, 3) apply certain specific offense characteristics and other adjustments under the Sentencing Guidelines that may increase his Total Adjusted Offense Level and/or his Criminal History Category. The defendant further understands that he may be able to argue that any fact that increases the penalty for a crime beyond a prescribed level must be approved by a grand jury and submitted to a trial jury and proved beyond a reasonable doubt. The defendant knowingly and voluntarily waives his right to have or have had facts which may be relevant to the enhancement of his sentence submitted for findings by a grand jury or trial jury. Defendant expressly understands and agrees that such facts will be determined either by stipulation between the parties or by the Court upon a finding that the relevant facts have been established by reliable evidence, which may include hearsay evidence, and proven by a preponderance of the evidence. Defendant agrees to waive any challenge to imposition of his sentence pursuant to the Federal Sentencing Guidelines.

   2.   Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

4

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Acknowledgment of Guilt; Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

5

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of the offense to which he has pleaded guilty, that he may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862, and that he will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the narcotics violations which form the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*[signature]*

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

6

The defendant certifies that he has read this plea agreement letter, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

_____     __11-8-04_____
Francis R. Barretta             Date
Defendant

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____     __11/8/04_____
Ira B. Grudberg, Esq.           Date
Attorney for the Defendant